```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

DANNY MORRISON,                     :
                                    : NO. 1:06-CV-00053
    Petitioner,                     :
                                    :
                                    :
  v.                                :
                                    : **OPINION AND ORDER**
                                    :
TERRY J. COLLINS, DIRECTOR OF       :
THE OHIO DEP'T. OF                  :
REHABILITATION & CORRECTIONS,       :
et al.,                             :
                                    :
    Respondent.                     :
                                    :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 16) and Petitioner's Objection (doc. 17). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES the Petitioner's Petition for Writ of Habeas Corpus.

**I. Background**

On April 15, 2003, a jury in the Highland County, Ohio Court of Common Pleas found Petitioner guilty of illegal manufacture of methamphetamine and possession of criminal tools (doc. 6). The trial court sentenced Petitioner to consecutive terms of imprisonment of four years for the illegal manufacture offense and six months for the possession of criminal tools charge (Id.). Petitioner filed an appeal to the Ohio Court of Appeals, Fourth Appellate District, raising four assignments of error (doc. 16). In two assignments of error, he challenged the imposition of

consecutive sentences and monetary penalties, and in the two remaining assignments he alleged ineffective assistance of counsel in contravention of the Sixth and Fourteenth Amendments to the United States Constitution (Id.).  On October 22, 2004, the Ohio Court of Appeals sustained the assignments of error challenging the imposition of consecutive sentences and monetary penalties but overruled the assignments of error based on ineffective assistance of counsel (Id.).  Petitioner filed a timely application for reconsideration (Id.).  On December 6, 2004, the Ohio Court of Appeals denied the application (Id.).  While Petitioner's application for reconsideration was pending, Petitioner filed a timely appeal to the Supreme Court of Ohio (Id.).  On February 16, 2005, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal (Id.).

On January 31, 2006, Petitioner filed a Petition for Writ of Habeas Corpus premised on one ground for relief (Id.). Petitioner alleged ineffective assistance of counsel based on counsel's failure to object to the admission of other-acts evidence, a marijuana pipe discovered in Petitioner's home (Id.). Petitioner further alleged that trial counsel failed to file a motion to suppress attacking the propriety of the search of his property, which produced evidence used against him by the prosecution (Id.).  Police officers had followed Craig Dawson, for whom they had an arrest warrant, to Petitioner's home (doc. 16).

-2-

Petitioner was not home, so the officers decided to look for Dawson on Petitioner's property (doc. 16).  In Petitioner's backyard, the officers discovered a trash barrel containing a propane tank with an altered valve that they suspected was used for manufacturing methamphetamine (Id.).

**II.    The Magistrate Judge's Report and Recommendation**

The Magistrate Judge, after reviewing the Petition, found that Petitioner was not entitled to relief under 28 U.S.C. § 2254(d) and recommended that the Petition be denied with prejudice (doc. 16).  The Magistrate Judge determined that the factual findings made by the Ohio Court of Appeals were to be presumed correct because Petitioner had failed to rebut this presumption by clear and convincing evidence pursuant to 28 U.S.C. § 2254(e)(1) (Id.).  The Magistrate Judge then concluded that the adjudication by the Ohio Court of Appeals was neither contrary to nor involved an unreasonable application of the standards of review established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and Kimmelman v. Morrison, 477 U.S. 365 (1986), and was not based on an unreasonable determination of the facts in light of the evidence (Id.).

The Magistrate Judge supported his conclusion by explaining that Petitioner had not shown (1) that counsel's performance was deficient or (2) that the deficient performance prejudiced the defense so as to deprive him of a fair trial as

required under Strickland (Id.).  The Magistrate Judge found that counsel's failure to object to the admission of testimony regarding the marijuana pipe discovered in Petitioner's home did not fall below an objective standard of reasonableness and did not prejudice the defense (Id.).  The Magistrate Judge emphasized that of four references made to the marijuana pipe during trial, three were elicited by Petitioner's counsel in order to demonstrate that Petitioner had never used the marijuana pipe to ingest methamphetamine and that no evidence of methamphetamine use or production was found in Petitioner's home (Id.).

      The Magistrate Judge also found that counsel's failure to file a motion to suppress evidence obtained during the search of Petitioner's property did not prejudice the defense because the motion would have been denied as meritless (Id.).  In Kimmelman, 477 U.S. at 375, the Supreme Court held that where an ineffective assistance of counsel claim is based on trial counsel's failure to raise a Fourth Amendment claim, Petitioner must show the claim was meritorious in order to demonstrate prejudice under Strickland. Here, the Magistrate Judge found that the trash barrel containing the propane tank with an altered valve was not located within the curtilage of Petitioner's home and, therefore, was not protected by the Fourth Amendment (Id.).  The Magistrate Judge noted that the Fourth Amendment does not require police officers engaged in legitimate law enforcement activities on a person's property to

shield their eyes from evidence of criminal activity in plain view (Id, citing United States v. Dunn, 480 U.S. 294, 304 (1987)). Accordingly, the Magistrate Judge determined that the police officers, who had discovered the trash barrel while attempting to arrest a man whose car was found in a wooded area behind Petitioner's home, had not violated the Fourth Amendment (doc. 16).

Finally, the Magistrate Judge found that Petitioner had not shown that "there is a reasonable probability that the verdict would have been different absent the excludable evidence" as also required under Kimmelman, 477 U.S. at 375, in order to demonstrate prejudice (Id.). The Magistrate Judge determined that, in light of the substantial evidence of Petitioner's guilt that was properly introduced at trial, Petitioner cannot demonstrate that the outcome of the trial would have been different if trial counsel had filed a successful motion to suppress (Id.).

Based on these findings, the Magistrate Judge recommended that the Court dismiss the Petitioner's Petition for Writ of Habeas Corpus with prejudice (Id.). The Magistrate Judge also recommended that the Court issue a certificate of appealability regarding Petitioner's claim that trial counsel's failure to file a motion to suppress violated the Sixth and Fourteenth Amendments, as it is a "viable claim of the denial of a constitutional right" or is "adequate to deserve encouragement to proceed further" under Slack v. McDaniel, 529 U.S. 473, 475 (2000), but recommended that the

-5-

Court not issue a certificate of appealability regarding Petitioner's claim that trial counsel's failure to object to other-acts evidence violated the Sixth and Fourteenth Amendments (Id.). Lastly, the Magistrate Judge recommended that the Court grant Petitioner leave to appeal in forma pauperis upon a showing of financial necessity (Id.).

### III. Petitioner's Objections

Petitioner objects to the Magistrate Judge's Report and Recommendation, reiterating his claim that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments (doc. 17). First, Petitioner objects to the Magistrate Judge's conclusion that Petitioner did not cite or present any evidence to rebut the Ohio Court of Appeal's factual findings (Id.). Petitioner argues he specifically challenged the Ohio Court of Appeals' factual finding that the trash barrel containing the propane tank with an altered valve was not located within the curtilage of Petitioner's home (Id.). Petitioner also argues that he challenged the application of a presumption of correctness given to the Ohio Court of Appeals' findings, stating that the presumption of correctness does not apply because his claim involves a mixed question of fact and law (Id.).

Petitioner next objects to the Magistrate Judge's recitation of the procedural background of the case (Id.). Petitioner argues the Magistrate Judge's Report and Recommendation

-6-

incorrectly stated the Ohio Court of Appeals remanded the case for resentencing to concurrent terms of imprisonment (Id.). Petitioner states that the Ohio Court of Appeals actually remanded the case for resentencing based on the trial court's failure to make the requisite statutory findings and the trial court then ordered that Petitioner's prison terms be served concurrently (Id.). Petitioner also states that the Ohio Court of Appeals found that trial counsel had provided ineffective assistance by failing to challenge the trial court's imposition of a mandatory fine on Petitioner, who is indigent (Id.)

Petitioner further objects to the Magistrate Judge's finding that trial counsel's failure to object to other-acts evidence did not constitute a deficient performance and did not prejudice the defense (Id.). Petitioner argues that the admission of the testimony regarding the marijuana pipe discovered in Petitioner's home violated Ohio Evid.R. 404 because it established that Petitioner was probably a drug user who may have a propensity to commit the charged offenses (Id.). Petitioner contends that trial counsel should have objected to the admission of this testimony (Id.). Petitioner also contends that the admission of this testimony was prejudicial because there was no overwhelming evidence offered to prove the charged offenses (Id.).

Furthermore, Petitioner objects to the Magistrate Judge's finding that a motion to suppress evidence obtained during the

search of Petitioner's property would have been denied as meritless (Id.). Specifically, Petitioner argues that the trash barrel containing the propane tank with an altered value was located within the curtilage of Petitioner's home under United States v. Dunn, 480 U.S. 294, 300-301 (6th Cir. 1984), and was therefore protected from unreasonable search by the Fourth Amendment (Id.). Petitioner supports this argument by stating that the trash barrel was in close proximity to the home, was in an area used by Petitioner for recreational activities, and was surrounded by trees (Id.). Petitioner also argues that the plain view exception does not apply because the police officers were within the curtilage of Petitioner's home illegally when they noticed the trash barrel (Id.).

Finally, Petitioner objects to the Magistrate Judge's finding that Petitioner has not shown that "there is a reasonable probability that the verdict would have been different absent the excludable evidence" (Id.). Petitioner argues that all evidence obtained during the search was excludable, upon motion, because the police officers intruded on Petitioner's property unlawfully and because the discovery of items during this unlawful intrusion was the basis for the search warrant (Id.). Petitioner contends that under Wong Sun v. United States, 487 U.S. 533 (1988), evidence obtained during such a search is excludable (Id.). Petitioner accordingly objects to the Magistrate Judge's finding that trial

-8-

counsel's failure to file a motion to suppress did not prejudice the defense (Id.).

## IV. Discussion

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct. First, the Court finds unfounded Petitioner's objection to the Magistrate Judge's application of 28 U.S.C. § 2254. While the Court agrees with Petitioner that an ineffective assistance of counsel claim involves a mixed question of fact and law to which a presumption of correctness does not apply, see Strickland, 466 U.S. at 698, the Court notes that the Magistrate Judge did not apply a presumption of correctness to the Ohio Court of Appeals' findings regarding trial counsel's performance but rather to its findings regarding the events that resulted in Petitioner's indictment and conviction (doc. 16). The Magistrate Judge properly reviewed the Ohio Court of Appeals' findings regarding trial counsel's performance under 28 U.S.C. § 2254(d)(1), Strickland, and Kimmelman. Furthermore, the Magistrate Judge properly determined that Petitioner failed to rebut the presumption of correctness given to the Ohio Court of Appeal's findings regarding the events that resulted in Petitioner's indictment and conviction.

In addition, the Court finds Petitioner's objection to the Magistrate Judge's recitation of the procedural background of the case to have no bearing on the outcome of the case. The Ohio

Court of Appeals determined that the trial court failed to comply with Ohio R.C. 2929.19 by imposing consecutive sentences and remanded the case for resentencing (doc. 6). The trial court then imposed concurrent sentences (doc. 6). In the Report and Recommendation, the Magistrate Judge stated that "the court sustained the assignments of error challenging the imposition of consecutive sentences . . . , and the matter was remanded for re-sentencing to concurrent terms" (doc. 16). Thus, while the Magistrate Judge's discussion of the procedure is inexact, it is a simple misstatement that has no effect on the Court's resolution of the case on the merits. The Court also acknowledges that the Ohio Court of Appeals sustained Petitioner's claim that trial counsel's failure to file an affidavit stating that Petitioner was unable to pay the mandatory fine constituted ineffective assistance of counsel, (doc. 6), but similarly finds that the Magistrate Judge's lack of mention of this has no effect on the Court's resolution of the case on the merits.

As for Petitioner's claim of ineffective assistance of counsel, premised on the theory that trial counsel failed to object to the admission of testimony regarding the marijuana pipe discovered in Petitioner's home, Petitioner has not shown that the challenged conduct fell below an objective standard of reasonableness or prejudiced the defense under the two-part <u>Strickland</u> standard. Furthermore, Petitioner's argument that the

admission of this testimony violated Ohio Evidence Rule 404, because it established that Petitioner may have a propensity to produce methamphetamine, is without merit. The references made to the marijuana pipe were brief (doc. 16). Three of the four references occurred while Petitioner's counsel questioned witnesses (Id.). Trial counsel was attempting to show that Petitioner had not been involved in the activity alleged in the indictment by emphasizing that Petitioner had never used the marijuana pipe to ingest methamphetamine and that no evidence of methamphetamine use or production was found in Petitioner's home (Id.). Accordingly, trial counsel's decision not to object to the admission of the testimony and to question witnesses about the marijuana pipe was not deficient and did not prejudice the defense.

As for Petitioner's second theory in support of his claim of ineffective assistance of counsel, that trial counsel failed to file a motion to suppress evidence obtained during a search of the Petitioner's property, Petitioner has not satisfied his burden under Kimmelman. Petitioner has not shown that his Fourth Amendment claim is meritorious. The Fourth Amendment protects individuals from unreasonable searches of the home and the curtilage of the home. Dunn, 480 U.S. at 300-301. Whether evidence is within the curtilage of the home depends upon four factors: the proximity of the alleged curtilage to the home, whether the area is within an enclosure surrounding the home, the

nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by. Id. In the case at bar, the trash barrel containing the propane tank with an altered valve was not within the curtilage of Petitioner's home. As the Magistrate Judge noted, the evidence is insufficient to conclusively determine the proximity of the trash barrel to the home, but is sufficient to conclude that the trash barrel was not within the curtilage of the home based on the other Dunn factors (doc. 16).

Even if the trash barrel had been within the curtilage of Petitioner's home, however, the police officers did not violate the Fourth Amendment when they searched Petitioner's home and property. Fourth Amendment protection does not extend to evidence of criminal activity discovered in plain view by police officers conducting a limited intrusion on a person's property for legitimate law enforcement purposes. Dunn, 480 U.S. at 304. The police officers were on Petitioner's property for such a purpose. They were searching for Craig Dawson, for whom they had an arrest warrant (doc. 16). Dawson had been evading arrest for two weeks (Id.). The police officers had observed Dawson with Rick Shinkle but lost sight of the men (Id.). Shortly thereafter, Shinkle's vehicle was found in the wooded area behind Petitioner's home (Id.). When the police officers entered Petitioner's property, their only purpose was to apprehend Dawson (Id.). It was then that the police

officers detected the smell of ether and noticed the trash barrel containing the propane tank with an altered valve (Id.). Accordingly, the action of the police officers falls within the plain view exception. Petitioner is thus unable to show that his Fourth Amendment claim is meritorious under Kimmelman.

Furthermore, Petitioner has not shown that there is a reasonable probability that the verdict would have been different absent the excludable evidence. The Government introduced sufficient evidence of both the existence of a meth lab in the wooded area behind Petitioner's home and of Petitioner's connection to the meth lab to support his conviction (doc. 16). The evidence included the discovery in the woods of items commonly used in the production of methamphetamine, such as a tank containing a methamphetamine reagent covered by camouflaged netting, glass containers of ether and ephedrine, and a plastic container of acid (Id.). In addition, the Government showed that Petitioner had obtained a mortgage on the property where the meth lab was discovered and had a piece of the netting used to camouflage the tank in the trunk of his car (Id.). Therefore, there was substantial evidence of Petitioner's guilt. Even had trial counsel successfully moved to suppress the evidence of the trash barrel containing the altered propane tank, there is no reasonable probability that the outcome would have been different.

Accordingly, the Court agrees with the Magistrate Judge

-13-

that the Ohio Court of Appeals' ruling was neither contrary to nor involved an unreasonable application of the standards of review set forth by the Supreme Court in <u>Strickland</u>, 466 U.S. at 687, and <u>Kimmelman</u>, 477 U.S. at 375. The Court also agrees with the Magistrate Judge that the Ohio Court of Appeals based its decision on a reasonable determination of the facts in light of the record. As such, the Court finds unfounded Petitioner's objections to the Magistrate Judge's Report and Recommendation regarding the ineffective assistance of counsel claim.

**V. Conclusion**

For these reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 16), and DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 1). The Court further ISSUES a certificate of appealability with respect to Petitioner's claim that trial counsel's failure to file a motion to suppress violated the Sixth and Fourteenth Amendments, as it is a "viable claim of the denial of a constitutional right" or is "adequate to deserve encouragement to proceed further." <u>Slack</u>, 529 U.S. at 475. However, the Court DECLINES to issue a certificate of appealability regarding Petitioner's claim that trial counsel's failure to object to other-acts evidence violated the Sixth and Fourteenth Amendments because a jurist of reason would not find it debatable whether this Court is correct in its procedural ruling. <u>Id</u>. Finally, pursuant to 28 U.S.C. §

1915(a)(3), this Court CERTIFIES that an appeal of this Order would be taken in good faith, and any application to appeal *in forma pauperis* will be GRANTED.

  SO ORDERED.


Dated: November 5, 2007  /s/ S. Arthur Spiegel

            S. Arthur Spiegel
            United States Senior District Judge